## No. 522
### PESKIND and KARP v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 6267. Decided March 20, 1926

303. CONVERSION—Where conversion, is charged, in violation of 12472 GC., intent to defraud is a necessary element.

ALLREAD, J.

Solomon Peskind and Benjamin Karp were tried in Cuyahoga Common Pleas under section 12472 GC., charged with converting assets of the Municipal Sav. & Loan Assn., with intent to defraud said company. The court stated in his charge that the jury may consider that the acts themselves carry with them the intent to defraud and that intent need not be proven. Peskind and Karp excepted to this charge and prosecuted error. The court of appeals held:

1. While section 12472 GC. does not specifically provide that intent to defraud is one of the elements of the crime, Ohio Supreme Court in 91 OS. 132 held that such intent is a necessary element.

2. The charge of the court eliminating the intent from consideration of the jury is therefor erroneous.

Judgment reversed and cause remanded for new trial.

Attorneys—Boyd, Cannon, Brooks and Wickham; Moore, Mahon, Miller and Moore; James L. Lind for Peskind and Karp; all of Cleveland. C. C. Crabbe, Joseph Eagleson, Columbus, Chas. Higley and David E. Green, Cleveland, for State. John A. Cline, Cleveland, for Karp.

---

## No. 523
### PELTZ v. INDUSTRIAL COM.

Ohio Appeals, 9th Dist., Summit Co.
No. 1042. Decided Feb. 8, 1926

631. INDUSTRIAL COM.—1. Claims for compensation barred unless filed within two years from injury (Sec. 1465-72a GC.)

2. Common Pleas, on appeal, has no jurisdiction over claims not filed within statutory period.

FUNK, J.

Theo. Peltz, while in the employ of the Goodyear Tire and Rubber Co., was injured on Feb. 8, 1919. On Oct. 6, 1922 he filed application for compensation with the Ind. Com. which claim was disallowed as not being filed within time prescribed by rules of the Commission.

Peltz appealed to Summit Common Pleas in July 1923, which appeal was dismissed on motion of the Commission, alleging that court had no jurisdiction of subject matter.

On error proceedings the Court of Appeals held:

1. Sec. 1465-72a, effective Aug. 15, 1919, provides that claims for compensation shall be barred unless filed with Commissions within two years after injury occurred.

2. In view of the fact that application was not filed within time prescribed by law, court had no jurisdiction to hear cause.

Judgment affirmed.

Attorneys—S. S. Stewart, Columbus, and Smoyer, Clinedinst & Smoyer, Akron, for Peltz; C. C. Crabbe and R. R. Zurmehly, Columbus, and G. W. Booth, and H. W. Slabaugh, Akron, for Industrial Commission.